BRUCE T. CUNNINGHAM, JR. v. JANET F. CUNNINGHAM

No. 147A96

(Filed 10 February 1997)

## 1. Divorce and Separation § 291 (NCI4th)— motion to modify alimony—status as dependent spouse not reconsidered

The defendant's status as a dependent spouse is not properly reconsidered upon a motion by plaintiff to modify or terminate an alimony order based upon a separation agreement incorporated into the parties' divorce decree. However, it is appropriate for the trial court to consider whether the dependent spouse's financial need, that is, dependency, as it relates to the factors listed in N.C.G.S. § 50-16.5 has changed. Although the trial court in this case concluded that "[d]efendant is a dependent spouse," the court's findings of fact indicate that the court properly considered factors listed in N.C.G.S. § 50-16.5 as they related to the financial needs of defendant and the ability of plaintiff to pay and that the court did not reconsider defendant's status as the dependent spouse and plaintiff's status as the supporting spouse.

**Am Jur 2d, Divorce and Separation §§ 710-712, 715.**

**Change in financial condition or needs of husband or wife as ground for modification of decree for alimony or maintenance. 18 ALR2d 10.**

2. **Divorce and Separation § 292 (NCI4th)— alimony order— automatic adjustment for income fluctuations—income change not change of circumstances**

   Where an alimony order based upon a separation agreement incorporated into a divorce decree included a provision that automatically adjusted the amount of the alimony payments to account for the supporting spouse's income fluctuations by requiring plaintiff husband to pay defendant wife "one half of his monthly salary after first deducting social security," the fact that plaintiff's income has changed since the time of the original agreement is not a sufficient basis for determining that a substantial change of circumstances exists to warrant a modification of the alimony order absent a showing that the change in income hinders plaintiff's ability to meet his obligation to pay alimony.

   **Am Jur 2d, Divorce and Separation §§ 710-713.**

   **Change in financial condition or needs of husband or wife as ground for modification of decree for alimony or maintenance. 18 ALR2d 10.**

   **Validity and enforceability of escalation clause in divorce decree relating to alimony and child support. 19 ALR4th 830.**

   **Consideration of obligated spouse's earnings from overtime or "second job" held in addition to regular full-time employment in fixing alimony or child support awards. 17 ALR5th 143.**

3. **Divorce and Separation § 298 (NCI4th)— increase in part-time employment earnings—alimony modification not warranted**

   An increase in defendant wife's income from part-time work from $2,400 per year at the time of the parties' separation to $7,000 per year at the time of an alimony modification hearing was not alone sufficient to warrant a modification of the alimony order.

   **Am Jur 2d, Divorce and Separation §§ 710-712, 715.**

CUNNINGHAM v. CUNNINGHAM

[345 N.C. 430 (1997)]

**Change in financial condition or needs of husband or wife as ground for modification of decree for alimony or maintenance. 18 ALR2d 10.**

**4. Divorce and Separation § 297 (NCI4th)— alimony modification—effect of increase in wife's investments—remand of change of circumstances issue**

The change of circumstances issue in an alimony modification proceeding is remanded for consideration by the trial court where the trial court's order contained findings of fact regarding the increase in the value of defendant wife's investment portfolio since the entry of the original alimony order and the amount of taxable income produced by these investments but it is unclear from the findings whether the increase in taxable income generated by defendant's investments is less than, equal to, or more than necessary to support herself, while maintaining her accustomed standard of living, without depleting her estate.

**Am Jur 2d, Divorce and Separation §§ 710-712, 716.**

**Change in financial condition or needs of husband or wife as ground for modification of decree for alimony or maintenance. 18 ALR2d 10.**

Justice ORR concurring.

Appeal by defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 121 N.C. App. 771, 468 S.E.2d 466 (1996), reversing an order entered by Grant, J., on 25 August 1994 in District Court, Moore County, and remanding to the trial court. Heard in the Supreme Court 15 November 1996.

*Maxwell, Freeman & Bowman, P.A., by James B. Maxwell, for plaintiff-appellee.*

*Vosburg & Fullenwider, by Ann Marie Vosburg, for defendant-appellant.*

FRYE, Justice.

There are two issues on this appeal. The first is whether the trial court improperly reconsidered defendant's status as the dependent spouse at the alimony modification hearing, and the second is whether there has been a change of circumstances warranting a mod-

ification of the alimony order in this case. We answer the first issue in the negative and we remand the second issue for further proceedings consistent with this opinion.

The following facts and circumstances are pertinent to this appeal. Bruce T. Cunningham, Jr. (plaintiff) and Janet F. Cunningham (defendant) were married in 1972 and lived together as husband and wife until their separation on 28 March 1988. In 1973, upon his graduation from law school, plaintiff joined the law firm of defendant's father and remained with that firm until 1992. For the years immediately prior to the parties' separation, plaintiff's gross income ranged from approximately $100,000 to $125,000 per year. Defendant was not employed outside the home on a full-time basis at any time during the course of the marriage.

At the time of the parties' 1 January 1989 separation agreement, plaintiff and defendant had accumulated a marital estate of approximately $450,000. The separation agreement effectuated an approximately equal division of the estate, with defendant receiving the marital home, valued at $140,000 with a $30,000 mortgage debt, and $115,000 in investments from the parties' investment portfolio. Plaintiff received approximately $225,000 in investments from the investment portfolio. The separation agreement also provided that plaintiff would pay alimony to defendant in "the sum of one half [plaintiff's] monthly salary after first deducting social security," that plaintiff would pay one-half of any bonuses received from employment after deducting social security, that the alimony was separate from the property settlement, and that the amount of the alimony payment could be modified upon a substantial change of circumstances. On 26 June 1989, the separation agreement was incorporated by reference into the divorce decree.

In 1992, plaintiff's former father-in-law reduced plaintiff's salary, changing it from approximately all of the actual gross receipts plaintiff produced to one-half of the actual gross receipts plaintiff produced for the firm. Plaintiff left the firm shortly thereafter and began practice with a different law firm, earning a salary of approximately $42,000 per year. As of 31 December 1993, defendant's investment portfolio was valued at approximately $335,000, producing taxable income to her of more than $30,000 in 1993. In addition, defendant's home debt had decreased to $2,000, and her income earned from part-time employment was $7,000, compared to $2,400 during the marriage.

CUNNINGHAM v. CUNNINGHAM

[345 N.C. 430 (1997)]

On 16 July 1992, plaintiff's motion to modify the payment of alimony was denied because a material change of circumstances was not found. Plaintiff did not appeal. On 17 September 1993, plaintiff filed a second motion to modify or terminate his alimony obligation. After a hearing, the trial court made findings of fact and the following conclusions of law:

1. That the Court concludes as a matter of law that the Plaintiff has failed to meet his burden of establishing [that] a material change of circumstances has occurred from the time of the entry of the last order of this Court.

2. That the Court concludes as a matter of law that the Defendant is a dependent spouse in accordance with G.S. 50-16.1(3).

3. That the Court concludes as a matter of law that the Plaintiff continues to have sufficient estate and earnings to meet his obligation to pay permanent alimony.

On 25 August 1994, the trial court denied plaintiff's motion to modify, and plaintiff appealed to the Court of Appeals. A majority of the Court of Appeals' panel reversed and remanded. Defendant appeals to this Court based on the dissenting opinion.

At the outset, we note that an alimony order originates in one of two ways: (1) an original court order, pursuant to N.C.G.S. §§ 50-16.1 et seq.[1], or (2) by agreement of the parties. A court order awarding alimony requires that the petitioner be found to be a "dependent spouse" as defined in N.C.G.S. § 50-16.1(3) (1987) (amended 1995). This determination is not always undertaken by the court when alimony is part of a private agreement between the parties and is then incorporated into a court order such as a divorce decree. However, once an agreement between the parties is incorporated into a court order, the agreement is treated as a court order for purposes of modification. See Walters v. Walters, 307 N.C. 381, 298 S.E.2d 338 (1983).

In the instant case, there is an existing order for alimony based upon a separation agreement incorporated into the parties' divorce decree. The modification of an existing order of alimony is governed by N.C.G.S. § 50-16.9 which provides in pertinent part:

---

1. We note that the alimony statutes, N.C.G.S. §§ 50-16.1 et seq., have been amended; however, the amendments apply to actions filed on or after October 1, 1995. Thus, the amendments do not apply to the instant case.

(a) An order of a court of this State for alimony or alimony pendente lite, whether contested or entered by consent, may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested.

N.C.G.S. § 50-16.9(a) (1987) (amended 1995).

[1] The first issue before us on this appeal is whether the trial court improperly reconsidered defendant's status as the "dependent spouse" upon plaintiff's motion to modify or terminate the order of alimony. We conclude that defendant's status as the dependent spouse is not properly reconsidered upon a motion to modify and we further conclude that it was not reconsidered in the instant case.

In *Rowe v. Rowe*, 305 N.C. 177, 187, 287 S.E.2d 840, 846 (1982), we stated: "Plaintiff's status as the supporting spouse, defendant's status as the dependent spouse and her entitlement to alimony were permanently adjudicated by the original [alimony] order." What the Court meant by this statement was that the trial court, on a modification hearing, does not retry the issues tried at the original hearing. *See id.* What *is* properly considered at a modification hearing is whether there has been a material change in the parties' circumstances which justifies a modification or termination of the alimony order. *See* N.C.G.S. § 50-16.9.

"To determine whether a change of circumstances under [N.C.]G.S. 50-16.9 has occurred, it is necessary to refer to the circumstances or factors used in the original determination of the amount of alimony awarded under [N.C.]G.S. 50-16.5." *Rowe*, 305 N.C. at 187, 287 S.E.2d at 846. The reference to these circumstances or factors at the modification hearing is not to redetermine the statuses of dependent spouse and supporting spouse or to determine whether the original determination was proper. Rather, the reference to the circumstances or factors used in the original determination is for the purpose of comparing the present circumstances with the circumstances as they existed at the time of the original determination in order to ascertain whether a material change of circumstances has occurred.

N.C.G.S. § 50-16.5, entitled "Determination of amount of alimony," provides in pertinent part:

(a) Alimony shall be in such amount as the circumstances render necessary, having due regard to the estates, earnings,

earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case.

N.C.G.S. § 50-16.5(a) (1987) (amended 1995). Where the original alimony order is pursuant to N.C.G.S. §§ 50-16.1 *et seq.*, the trial judge will usually have made findings of fact and conclusions of law in reference to the circumstances or factors set out in N.C.G.S. § 50-16.5(a). Where, on the other hand, the alimony order originates from a private agreement between the parties, there may be few, if any, findings of fact as to these circumstances or factors set out in the court decree awarding alimony. In the latter case, determining whether there has been a material change in the parties' circumstances sufficient to justify a modification of the alimony order may require the trial court to make findings of fact as to what the original circumstances or factors were in addition to what the current circumstances or factors are.

Upon a showing of changed circumstances, the trial court must consider the current circumstances with regard to the factors listed in N.C.G.S. § 50-16.5 and determine whether the original alimony order should be modified. "As a general rule, the changed circumstances necessary for modification of an alimony order must relate to the financial needs of the dependent spouse or the supporting spouse's ability to pay." *Rowe*, 305 N.C. at 187, 287 S.E.2d at 846. The power of the court to modify an alimony order is not power to grant a new trial or to retry the issues of the original hearing, but only to adapt the decree to some distinct and definite change in the financial circumstances of the parties. *See generally* 2 Robert E. Lee, *North Carolina Family Law* § 152 (4th ed. 1979); 2A Nelson, *Divorce and Annulment* § 17.07 (2d ed. rev. 1961).

In *Rowe*, the trial court had concluded that there had not been a substantial change of circumstances sufficient to warrant a modification of the original alimony order. *Rowe*, 305 N.C. at 182, 287 S.E.2d at 843. On appeal, this Court affirmed the Court of Appeals' decision that there had been a change of circumstances sufficient to warrant modification of the order. *Id.* at 187, 287 S.E.2d at 846. The trial court had made findings of fact on the dependent spouse's financial circumstances, including her income, expenses, and estate; and this Court held that, under those facts, there had been a change of circumstances as a matter of law and that a modification of the alimony order was warranted. *Id.* at 188, 287 S.E.2d 846-47. In so holding, this Court noted that "[w]e emphasize, however, that defendant [depend-

ent spouse] can rely on the original finding of *entitlement* in the consent order." *Id.* at 188, 287 S.E.2d at 847 (emphasis added). We interpret this to mean that the defendant's status as the dependent spouse would not be at issue on remand or in future modification hearings; at issue would be only whether any change of circumstances justified a modification or termination of the alimony order.

In *Marks v. Marks*, 316 N.C. 447, 342 S.E.2d 859 (1986), this Court also addressed the issue of whether a substantial change of circumstances had occurred justifying the modification or termination of the alimony order. This Court concluded that the trial court's findings of fact supported the trial court's conclusions that a material change of circumstances had occurred and that "plaintiff is no longer a dependent spouse," which in turn supported the order terminating the alimony obligation. *Id.* at 460-61, 342 S.E.2d at 867. This Court then noted that "[o]nly a 'dependent spouse' is entitled to alimony." *Id.* at 461, 342 S.E.2d at 867.

The issue before this Court in *Marks* was the effect the alleged change of circumstances had on the dependent spouse's financial needs and whether the change warranted a modification or termination of the alimony order. This Court held that the trial court had not erred in terminating the supporting spouse's obligation to pay alimony because the change in circumstances at issue had eliminated the dependent spouse's financial need. *See id.* at 460-61, 342 S.E.2d at 866-67. This Court simply quoted the conclusion of the trial court, that "plaintiff is no longer a dependent spouse," when in fact it was the plaintiff's financial need, or dependency, as it related to the factors in N.C.G.S. § 50-16.5, not her status as a dependent spouse as defined in N.C.G.S. § 50-16.1(3), that was at issue. Therefore, while the term "dependent spouse" was used in *Marks*, we do not interpret *Marks* as establishing that the status of "dependent spouse" may properly be redetermined at a modification hearing, especially in light of this Court's holding in *Rowe* that defendant's status as dependent spouse was "permanently adjudicated."

Accordingly, on a motion to modify or terminate an order of alimony, the focus of the trial court is not on the question of status or entitlement, but rather on whether the amount of alimony as ordered should be modified or terminated. It is appropriate for the trial court to consider whether the dependent spouse's financial need, that is, dependency, as it relates to the factors in N.C.G.S. § 50-16.5 has changed.

In the instant case, the trial court stated in its conclusions of law that defendant "is a dependent spouse." The findings of fact indicate that the court properly considered factors listed in N.C.G.S. § 50-16.5 as they related to the financial needs of defendant and the ability of plaintiff to pay. *See Rowe*, 305 N.C. at 187, 287 S.E.2d at 846. It is clear from these findings of fact that the trial court did *not* revisit the issues agreed upon by the parties in their original agreement, that is, defendant's status as the dependent spouse and plaintiff's status as the supporting spouse.

Therefore, if the trial court's findings of fact on the N.C.G.S. § 50-16.5 factors are sufficient to support the conclusion that plaintiff "failed to meet his burden of establishing [that] a material change of circumstances has occurred," it was not improper for the court to state as a conclusory matter, as in *Marks*, that "Defendant is [or continues to be] a dependent spouse" and to deny plaintiff's motion to modify. Accordingly, we conclude that the trial court did not improperly reconsider defendant's status as the dependent spouse, and we reverse that part of the Court of Appeals' opinion that holds otherwise.

We then come to the second and central issue of this appeal—whether the trial court's findings of fact are sufficient to support its conclusion that a material change of circumstances was not shown in this case. The majority of the panel of the Court of Appeals held that there had been a substantial change in circumstances based on the decrease in plaintiff's income and the increase in defendant's assets and income. The dissent concluded that no change of circumstances had occurred as a matter of law, especially given that the parties' agreement incorporated an automatic adjustment provision for the alimony payments. We conclude that the trial court's findings of fact are insufficient for us to determine as a matter of law whether there has been a change of circumstances sufficient to require a modification or termination of the alimony order.

[2] The parties' agreement, incorporated in the divorce decree, included a provision that automatically adjusted the amount of alimony payments to account for the supporting spouse's income fluctuations. The agreement provided that "Husband agrees to pay Wife as alimony for her sole use and benefit the sum of one half his monthly salary after first deducting social security." This provision indicates that changes in the supporting spouse's income were foreseeable and that the parties agreed to the mechanism to account for these changes in income to prevent repeated litigation on this issue.

Therefore, although the alimony agreement can be modified upon a showing of changed circumstances, a sufficient change in circumstances would not ordinarily be a change that was contemplated by the original agreement and for which a provision was made therein for appropriate adjustment. *Britt v. Britt*, 49 N.C. App. 463, 473, 271 S.E.2d 921, 927 (1980). Accordingly, due to the existence of the automatic adjustment provision, the fact that plaintiff's income has changed since the time of the original agreement is not a sufficient basis for determining that a substantial change of circumstances exists to warrant a modification of the alimony order absent a showing that the change in income hinders his ability to meet his obligation to pay alimony.

As noted above, the circumstances to be considered by the trial court upon a motion to modify or terminate alimony are those listed in N.C.G.S. § 50-16.5, that is, the parties' estates, earnings, earning capacity, condition, accustomed standard of living and other facts of the particular case. In the instant case, the trial court heard evidence and made findings of fact related to these factors. Among these was a finding that "the standard of living of the Defendant and the monthly needs of the Defendant have remained substantially the same." A component of the accustomed standard of living that the parties maintained during their marriage was a frugal lifestyle with substantial saving and investing. Defendant has continued this lifestyle since the divorce, living frugally and saving and investing substantial portions of the alimony payments. As a result, defendant's estate, primarily represented by her investment portfolio, has increased substantially.

[3] As to defendant's income, the increase in her income from part-time work alone is not a sufficient change in circumstances to warrant a modification. Throughout the marriage and since that time, defendant has suffered from an anxiety condition that interferes with her obtaining full-time employment. At the time of the parties' separation, defendant was earning about $2,400 a year from part-time work. At the time of the modification hearing, her income had increased to approximately $7,000. While this is an increase in income, this alone is not sufficient to warrant a modification of the alimony order.

In addition to her income from part-time employment, defendant also receives taxable income from her investments. Defendant contends that the parties did not use the capital gain or income from their investments to meet their reasonable monthly needs during the

marriage. Thus, defendant contends, the capital gains from her investments should not be the basis of a finding of changed circumstances since she has been maintaining the standard of living established during the marriage, which includes reinvesting the capital gains.

We have held that an increase in the value of the dependent spouse's property after the entry of the alimony decree is an important consideration in determining whether there has been a change in circumstances. *Sayland v. Sayland*, 267 N.C. 378, 383, 148 S.E.2d 218, 222 (1966). We have also held that "the trial court['s] consideration of the 'estates' of the parties is intended primarily for the purpose of providing it with another guide in evaluating the earnings and earning capacity of the parties, and not for the purpose of determining capability of self-support through estate depletion." *Williams v. Williams*, 299 N.C. 174, 184, 261 S.E.2d 849, 856 (1980). Nevertheless, as we said in *Sayland*, the purpose of alimony is not merely to increase the dependent spouse's estate to pass on to her heirs. *Sayland*, 267 N.C. at 384, 148 S.E.2d at 222.

[4] In the instant case, the trial court's order contains findings of fact regarding the increase in the value of defendant's investment portfolio since the entry of the original alimony decree and the amount of taxable income produced by these investments. However, it is unclear from the findings of fact whether the increase in taxable income generated by defendant's investments is less than, equal to, or more than necessary to support herself, while maintaining her accustomed standard of living, without depleting her estate. We therefore remand the change of circumstances issue for consideration by the trial court in light of the principles set forth in this opinion. On remand, the trial court may, in its discretion, allow the parties to offer additional evidence.

Accordingly, the decision of the Court of Appeals is reversed in part and the case remanded to that court for further remand to the District Court, Moore County, for further proceedings consistent with this opinion.

REVERSED IN PART AND REMANDED.

Justice ORR concurring.

While I agree with the majority's ultimate conclusions, I find the opinion clouding even further the apparent distinction between

"dependent spouse" and "dependency." The majority's reliance on *Rowe v. Rowe*, 305 N.C. 177, 287 S.E.2d 840 (1982), concludes "that defendant's status as the dependent spouse is not properly reconsidered upon a motion to modify . . . ." As such, the opinion seems to say that dependency in the context of the amount of alimony to be paid can be considered upon a motion to modify, but the dependent status cannot. Such a distinction does not appear to make any sense to me, nor do I find support for this distinction in *Rowe*.

In looking at the applicable statutes dealing with alimony as applied to this case, N.C.G.S. § 50-16.1 defines "dependent spouse" as "a spouse . . . who is actually substantially dependent upon the other spouse for his or her maintenance and support . . . ." N.C.G.S. § 50-16.1 (1987) (amended 1995).

Having determined first that one spouse is a dependent spouse and thus the other a supporting spouse, the inquiry pursuant to G.S. § 50-16.2 turns to whether the dependent spouse is entitled to alimony. Upon a finding of entitlement, the final inquiry would be under G.S. § 50-16.5 as to the amount of alimony.

Obviously, upon a showing of a change in circumstances, the entitlement issue could not be relitigated. Likewise, the relationship between the parties, specifically, which one is a supporting spouse and which one is a dependent spouse, could not be relitigated. However, it is unquestioned that the amount of alimony to be paid is subject to modification and I would contend that upon a proper showing, a "dependent spouse" could be shown to no longer be dependent under the statutory definition. Therefore, under the statutory scheme, at a modification hearing, if a party is not a "dependent spouse," then regardless of entitlement, there can be no award of alimony.

The Court of Appeals opinion in *Rowe v. Rowe*, 52 N.C. App. 646, 280 S.E.2d 182 (1981), was directly on point, and as I read the Supreme Court's decision in *Rowe*, was neither overruled nor contradicted by this Court. Judge Clark, writing for the majority, states:

Defendant's argument that the court's initial determination of dependency is not subject to reconsideration on a subsequent motion under G.S. 50-16.9 is untenable. As we have explained herein, G.S. 50-16.9 calls for a completely new examination of the factors which necessitated the initial award of alimony in order

to determine whether any of these circumstances have changed. When the list of circumstances enumerated in G.S. 50-16.5 is properly employed, the conclusion is inescapable that defendant, although formerly dependent, is no longer so. Certainly one of the ultimate circumstances which might change under G.S. 50-16.9, would be the defendant's condition of dependency. We hold that as a matter of law based on the undisputed fact that, as defendant herself has stated, her "separate income is well over what [she] spend[s] for living expenses," the evidence established a change of circumstances requiring modification of the consent order to reflect a finding that defendant is not a dependent spouse and to vacate the award of alimony. We leave intact that portion of the consent order wherein the court found, pursuant to the parties' agreement, that there were grounds for alimony under G.S. 50-16.2. Defendant may, therefore, still seek modification of the order under G.S. 50-16.9 should her circumstances change such that she once again is substantially in need of plaintiff's support and maintenance. She may rely on the finding of entitlement in the consent order as *res judicata* and need only establish her dependency.

*Rowe*, 52 N.C. App. at 656, 280 S.E.2d at 188.

When *Rowe* reached this Court, the primary issues dealt with whether the consent order was modifiable and whether the consent order and the property settlement could be integrated. The next issue was whether there had been a change of circumstances. It is in this discussion, *which affirmed the Court of Appeals on the issue*, that language quoted in the majority opinion in the case *sub judice* is found. To the extent this Court held in *Rowe* that the status of a dependent spouse is permanently adjudicated, I would read it to mean that the original issue of the relationship between the parties in the case *sub judice* as to supporting and dependent spouse cannot be relitigated. As to the language in the majority opinion that "defendant can rely on the original finding of entitlement," I agree to the extent that an entitlement determination cannot be relitigated.

Thus, I would hold that "dependency"—meaning whether the previously adjudicated "dependent spouse" is still dependent as defined by our statutes—is a perfectly appropriate issue to consider upon a motion to modify based on a change in circumstances.