BRYANT v. BRYANT

[139 N.C. App. 615 (2000)]

---

JOHANNA S. BRYANT, Plaintiff v. CALVIN B. BRYANT, Defendant

No. COA99-599

(Filed 15 August 2000)

**Divorce— alimony—marital pattern of savings—expense—in-
clusion for only one spouse—abuse of discretion**

Although the trial court did not abuse its discretion by char-
acterizing the funds reflecting a marital pattern of savings as a
reasonable expense in this alimony case, the trial court's inclu-
sion of this investment income amount as an expense for the

plaintiff but not for defendant constituted an abuse of discretion because the purpose of alimony is not to increase the estate of a dependent spouse.

Appeal by defendant from judgment entered 7 January 1999 by Judge Charles L. White in Guilford County District Court. Heard in the Court of Appeals 23 February 2000.

*Morgenstern & Bonuomo, P.L.L.C., by Barbara R. Morgenstern, for the plaintiff-appellee.*

*Wyatt Early Harris & Wheeler, L.L.P., by A. Doyle Early, Jr., for the defendant-appellant.*

LEWIS, Judge.

Johanna Bryant and Calvin Bryant were married on 25 April 1948 and separated on 30 July 1995. On 23 July 1996, plaintiff filed a complaint seeking postseparation support and alimony from her husband, an equitable distribution of the marital property of the parties, and attorney's fees. On 27 March 1998, a judgment of equitable distribution was entered in Guilford County District Court, distributing plaintiff an estate valued at $504,800.93 and defendant an estate valued at $419,329.65. As part of the equitable distribution, the parties' investment accounts, which they established during the course of the marriage to provide funds for their retirement, were divided between them. It was the practice of the parties during the marriage to reinvest all dividends and interest earned on these investment accounts. The accounts appear to have been equally divided, since each party is receiving an identical amount of investment income from them, averaging $1981.75 per month in 1997.

In deriving the amount of the alimony award, the trial court calculated both plaintiff's and defendant's income and reasonable expenses. In calculating *plaintiff's* income, the court included the $1981.75 in monthly investment income. It also included the $1981.75 in monthly investment income as part of plaintiff's expenses, in order to "enable the plaintiff to continue to reinvest fully [the investment income]." In calculating *defendant's* income, the trial court included the $1981.75 in monthly investment income; however, our review indicates the court did *not* include this sum as part of defendant's expenses, as it did in calculating plaintiff's expenses. Taking into account these calculations, as well as the factors set forth in N.C. Gen. Stat. § 50-16.3A(b), the court here determined the amount of

alimony necessary for plaintiff to meet her accustomed standard of living to be $2800 per month. Defendant was ordered to pay this amount until he retires from the practice of law.

On appeal, defendant primarily contends the trial court improperly calculated the amount of plaintiff's alimony award, particularly in including the investment income as part of *plaintiff's* expenses. But given that the trial court's calculation of an alimony award necessarily involves a comparison of the income and expenses of *both* spouses, *see generally* N.C. Gen. Stat. § 50-16.3A(b), in order to provide adequate review of the court's alimony award, we must necessarily review the trial court's calculations as they relate to *both* spouses.

In setting the amount of an alimony award, the trial court must do three things: determine the needs of the dependent spouse and the ability of the spouses to address those needs, compare income and expenses of both spouses and consider all relevant factors, including those specifically enumerated in N.C. Gen. Stat. § 50-16.3A(b). 2 Suzanne Reynolds, *Lee's North Carolina Family Law*, § 9.22 (5th ed. 1999). The court's comparison of the spouses' income and expenses, which is at issue in this case, is one of the most important considerations necessary to setting the amount of the alimony award. *Id.* § 9.24. (citing G.S. 50-16.3A(b)). The marital standard of living, the eighth factor listed under G.S. 50-16.3A(b), must be used in the court's calculation of expenses. However, as a practical matter, the marital standard of living is merely one of the factors the court takes into account when calculating the parties' reasonable expenses, and as such, the two are separate and distinct considerations.

Defendant contends the case of *Glass v. Glass*, 131 N.C. App. 784, 509 S.E.2d 236 (1998), is controlling on the issues presented here. In *Glass*, this Court discussed the significance of savings practices established during the marriage in relation to a trial court's calculation of the amount of an alimony award. In *Glass*, the dependent spouse had deferred compensation and contributions to a 401(k) plan automatically deducted from her monthly pay during the course of the marriage. *Id.* at 789, 509 S.E.2d at 239. Upon the parties' divorce, the dependent spouse increased the amounts being deducted from her pay. *Id.* The trial court excluded these deductions when calculating the dependent spouse's income. *Id.* Finding the trial court abused its discretion in excluding these sums from her income, we stated:

Although we agree that the trial court can properly consider the parties' custom of making regular additions to savings plans as a part of their standard of living in determining the amount and duration of an alimony award, we conclude the trial court erred in this case when it excluded amounts paid into savings accounts by the parties from their respective incomes. If such an exclusion were allowed, a [supporting] spouse could reduce his or her support obligation to the other by merely increasing his deductions for savings plans. Likewise, a [dependent] spouse might increase an alimony award by deferring a portion of his or her income to a savings account.

*Id.* at 789-90, 509 S.E.2d at 239 (citations omitted).

In sum, our holding in *Glass* has two parts. First, the trial court *must* consider a party's *total* income, undiminished by savings contributions, in calculating the amount of an alimony award. *Id.* In addition, the trial court *may* also consider established patterns of contributing to savings as part of the parties' *standard of living. Id.* As to the requirement in *Glass* that the court consider a party's total income, we conclude the trial court properly included the investment income in its calculation of both parties' income in this case. *See also Friend-Novorska v. Novorska*, 131 N.C. App. 867, 870, 509 S.E.2d 460, 461 (1998) (holding investment income constitutes income under this analysis).

The more difficult issue presented by this appeal, however, is the effect of the trial court's characterization of investment income as an expense in this case. Given the distinction between the marital standard of living and reasonable expenses in setting alimony awards, the *Glass* Court's holding relating to the *standard of living* leaves open the question of whether the trial court below properly characterized investment income as an *expense* in this case. *See also Rhew v. Rhew*, No. 99-606 (N.C. Ct. App. June 20, 2000) (holding that, in determining entitlement to alimony, as opposed to the amount of alimony, trial court erred in disregarding evidence pertaining to the established pattern of savings in considering defendant's accustomed standard of living).

"The determination of what constitutes the reasonable needs and expenses of a party in an alimony action is within the discretion of the trial judge, and he is not required to accept at face value the assertion of living expenses offered by the litigants themselves." *Whedon v. Whedon*, 58 N.C. App. 524, 529, 294 S.E.2d 29, 32, *disc. review*

**BRYANT v. BRYANT**

[139 N.C. App. 615 (2000)]

*denied,* 306 N.C. 752, 295 S.E.2d 764 (1982). In its calculation of expenses, the trial court may include some amount reflecting the marital pattern of savings. *Cunningham v. Cunningham,* 345 N.C. 430, 439, 480 S.E.2d 403, 406 (1997). Given that defendant is still employed and has a comfortable and significantly higher income than plaintiff, who is not working, we do not find the trial court abused its discretion by characterizing the funds reflecting a marital pattern of savings as a reasonable expense in this case.

We do, however, find the trial court's inclusion of this investment income amount as an expense for the plaintiff but not for the defendant constituted an abuse of discretion. It is not logical that the trial court could properly characterize this investment income, earned and reinvested during the course of the marriage, as an expense for one spouse but not for the other. The court's calculation in this respect effectively promotes the manipulation of funds to affect the support obligation, which this Court has often sought to prevent. *See, e.g., Glass,* 131 N.C. App. at 790, 509 S.E.2d at 239; *Friend-Novorska,* 131 N.C. App. at 870, 509 S.E.2d at 461. In addition, the purpose of alimony is not to increase the estate of a dependent spouse. *Cunningham,* 345 N.C. at 440, 480 S.E.2d at 409; *Glass,* 131 N.C. App. at 790, 509 S.E.2d at 239-40. Including this amount as an expense for only one spouse erroneously provided for such an increase.

We emphasize that our decision is based upon the particular facts and standard of living of the parties reflected in the instant record, thereby warranting our determination that the trial court did not abuse its discretion by characterizing funds reflecting a marital pattern of savings as a reasonable expense *in this case.* Our opinion is not intended and does not reflect any diminution of the cautionary comments of this Court from *Glass,* 131 N.C. App. at 789-90, 509 S.E.2d at 239.

Accordingly, we vacate the order of the trial court and remand the case for new findings of fact with regard to the reasonable expenses consistent with this opinion.

Vacated and remanded.

Judges EDMUNDS and SMITH concur.