HILDA S. PAYNE v. ALFRED E. PAYNE

No. 8010DC286

(Filed 7 October 1980)

**Divorce and Alimony § 16.9– amount of alimony — lump sum plus monthly payment — inadequacy**

The trial court erred in ordering defendant to pay permanent alimony to plaintiff in a lump sum of $15,000 with $10,000 to be paid at the time the parties sell their joint residence and the remainder of that amount to be paid at the rate of $250 per month where the court found that plaintiff had a net income of $466 per month for nine months and a net income of $250 for three months; defendant had a net income of $1789 per month; the monthly mortgage payment on the residence was $434 which was to be paid by plaintiff; the parties had consumer debts of $5,491 which were to be paid by defendant; and plaintiff and defendant each have reasonable living expenses of $800 per month since (1) if the parties are not divorced and the residence is not sold, defendant might not be required to pay the $10,000 at all and plaintiff would be required to make the $434 monthly mortgage payments indefinitely, half of which would inure to the benefit of defendant, and (2) pursuant to the order, plaintiff will have a net monthly income which is $138 less than the $800 found by the court to be plaintiff's reasonable monthly expenses and defendant will have a net monthly income which is $739 more than the $800 found to be defendant's reasonable monthly expenses, and the order thus effectively destroys plaintiff's accustomed standard of living while substantially improving that of defendant.

APPEAL by plaintiff from *Parker, Judge.* Judgment entered 11 October 1979 in District Court, WAKE County. Heard in the Court of Appeals on 17 September 1980.

This is a civil action wherein plaintiff seeks a divorce from bed and board, permanent alimony, and counsel fees.

After trial before the judge without a jury, the court made the following pertinent findings regarding the payment of permanent alimony:

9. The plaintiff and the defendant own as tenants by the entireties [sic] and both reside in a residence located at

Payne v. Payne

1316 Trinity Circle, Raleigh, North Carolina. The property is encumbered by first and second mortgages with monthly payments on those mortgages totaling approximately $434.00.

. . .

12. The plaintiff is forty-seven years of age and is employed as a secretary at North Carolina State University. The plaintiff's employment requires that she work full-time for nine months of each year and part-time for three months of each year. During her period of full-time employment, the plaintiff has a gross monthly salary of $661.00 and a net monthly salary of $466.00. During her term of part-time employment, the plaintiff's net monthly salary is approximately $250.00, that salary being based on a percentage of her full-time employment salary. This is plaintiff's sole support in addition to the support she has received from the defendant.

13. The plaintiff's reasonable living expenses are approximately $800.00 per month.

14. The defendant is fifty years of age and is employed by the Veterans Employment Service of the United States Department of Labor. His bi-weekly gross salary is $976.00 and his bi-weekly net salary is $652.00. In addition the defendant receives a monthly retirement payment from the U.S. Army in the net amount of $441.00 and a monthly disability payment from the Veterans Administration in the amount of $44.00. Defendant has used this income for the support of himself and the plaintiff.

15. The defendant's reasonable living expenses are approximately $800.00 per month.

. . .

17. During March, 1979, the defendant purchased for the plaintiff a 1978 Monte Carlo, title to which is registered in the defendant's name. There is presently outstanding an indebtedness upon this automobile of approximately $4258.00 with monthly payments of $138.00. Plaintiff regularly uses this automobile for her personal transportation.

18. Neither of the parties has personal assets other than the property located at 1316 Trinity Circle, Raleigh, North Carolina, personal effects, household furnishings, and savings accounts, plaintiff's savings account consisting of approximately $250.00 and defendant's savings account consisting of approximately $400.00.

. . .

21. The parties have presently outstanding total short term and consumer debts in the amount of $5,491.00. More than one-half of these debts were accumulated for the benefit of the defendant. The balance of these debts were [sic] accumulated for the benefit of the plaintiff.

. . .

27. The plaintiff is a dependent spouse as that term is defined in NCGS Sec 50-16.1.

28. The defendant is a supporting spouse as that term is defined in NCGS Sec 50-16.1.

29. Plaintiff is actually substantially dependent upon defendant for her maintenance and support and defendant has the financial means and ability with which to provide her with maintenance and support and it appears from all the evidence that the plaintiff is entitled to the relief demanded. (JHP)

Based on its findings and conclusions with respect to the payment of permanent alimony, the court ordered:

1. The defendant shall pay to the plaintiff, as permanent alimony, and for her support and maintenance, the lump sum of $15,000.00, to be paid as follows: $10,000 to be paid at the time that the parties sell their joint residence and the remainder of that amount to be paid at the rate of $250.00 per month beginning October 15, 1979.

2. The defendant shall transfer title, ownership and possession to the plaintiff of the 1978 Monte Carlo automobile presently used by her. Defendant shall make the monthly payments in satisfaction of the indebtedness presently existing on that automobile.

3. Subject to any encumbrances thereon, plaintiff is entitled to possession of the parties' residence located at 1316 Trinity Circle, Raleigh, North Carolina, until the date of the parties divorce.

4. Defendant shall assume and pay when due those charge account, short term, and consumer loans incurred by the parties as of September 1, 1979, those loans totaling approximately $5,491.00.

Plaintiff appealed.

*Sanford, Adams, McCullough and Beard, by Renee J. Montgomery and Charles H. Montgomery, for the plaintiff appellant.*

*Stephen T. Smith, for the defendant appellee.*

HEDRICK, Judge.

Plaintiff's assignments of error all relate to the amount of alimony the court ordered defendant to pay to plaintiff. G.S. § 50-16.5(a) provides: "Alimony shall be in such amount as the circumstances render necessary, having due regard to the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case." Although the trial judge must follow the requirements of this section in determining the amount of permanent alimony to be awarded, the trial judge's determination of the proper amount is within his sound discretion and his determination will not be disturbed on appeal absent a clear abuse of that discretion. *Beall v. Beall,* 290 N.C. 669, 228 S.E.2d 407 (1976); *Eudy v. Eudy,* 288 N.C. 71, 215 S.E.2d 782 (1975); *Cornelison v. Cornelison,* 47 N.C. App. 91, 266 S.E.2d 707 (1980); *Clark v. Clark,* 44 N.C. App. 649, 262 S.E.2d 659 (1980). Plaintiff contends that the findings, conclusions, and order requiring defendant to pay permanent alimony to plaintiff in the lump sum of $15,000 constitute a clear abuse of discretion on the part of the trial judge. We agree.

The findings of fact made by the trial judge afford us some insight into the "accustomed standard of living" of the parties. Before they separated, the parties had a combined net income of $2,201 per month. They lived in a home with a monthly mortgage payment of $434, and plaintiff had the use of a 1978

Monte Carlo automobile. Their consumer indebtedness was within reasonable limits considering their net monthly income. While the parties had not accumulated assets of significant value, it is a reasonable inference that they lived quite well under all the circumstances.

Because of the patent ambiguities in the order providing the amount and manner of the payment of alimony, we are uncertain of the benefits to be derived by plaintiff and the obligation to be imposed upon defendant. If the parties are not divorced and the residence is not sold, defendant might not be required to pay the $10,000 at all, and plaintiff will be required to make the $434 monthly mortgage payments indefinitely, half of which will inure to the benefit of defendant as one of the tenants by the entirety. Under these circumstances, it is not likely that defendant would seek an early divorce or agree to any early sale of the property. On the other hand, plaintiff is not likely to obtain an absolute divorce, since that might jeopardize all of her rights to alimony. G.S. § 50-11(c); *McCarley v. McCarley,* 289 N.C. 109, 221 S.E.2d 490 (1976). Also, plaintiff is not likely to be anxious for a quick sale of the property, even though her obligation to make monthly mortgage payments would thereby be terminated, since she would be giving up her place of residence with all of the consequent inconvenience and expense of finding a new home. If, as suggested by counsel on oral argument in this case, the judge by the order intended to force a sale of the property, an opposite result most likely would have been accomplished.

It hardly seems necessary to elaborate further on the infirmities of the order in question. However, lest someone conclude that a lump sum payment of $15,000 by defendant to plaintiff would be adequate and proper under the circumstances of this case, we do so elaborate. As pointed out above, before their separation the parties had a combined net "spendable" income of $2,201 per month. After the order, plaintiff will have a net monthly income of $662. Such an amount is $138 less than the $800 per month found by the trial judge to be plaintiff's "reasonable monthly living expenses." On the contrary, after the order defendant will have a net monthly income of $1,539, which is $739 more than the $800 per month which the court found to be defendant's "reasonable monthly living expenses." These figures do not take into consideration that defendant

must liquidate the $5,491 consumer indebtedness of the parties, nor the fact that plaintiff, in order to have a place to live, must make monthly mortgage payments of $434. We do not need a computer, however, to convince us that the order challenged by this appeal effectively destroys plaintiff's "accustomed standard of living" while substantially improving defendant's. Overshadowing the entire matter is the inescapable fact that in five years plaintiff's right to "permanent alimony" will terminate, along with any semblance of her accustomed standard of living. Manifestly, the order fixing the amount and manner of payment of alimony fails to satisfy the minimal standards of G.S. § 50-16.5(a), and must be vacated and the cause remanded to the district court for another hearing with respect to the amount of alimony only, new findings, and a proper order. Those portions of the order declaring plaintiff to be a dependent spouse and defendant to be a supporting spouse and allowing plaintiff's claim for divorce from bed and board and attorneys fees are affirmed.

Vacated and remanded in part; affirmed in part.

Chief Judge MORRIS and Judge WHICHARD concur.