DORIS FRIEND-NOVORSKA, Plaintiff v. JAMES C. NOVORSKA, Defendant

No. COA98-225

(Filed 29 December 1998)

**1. Divorce— alimony—supporting spouse's income—desire for new house and car—not considered**

The trial court abused its discretion in an alimony action by considering the supporting spouse's desire to purchase a new house and car. The effect of the trial court's ruling is to allow a supporting spouse to reduce his net monthly income, and thus his obligation to his dependent spouse, based on his expressed "desires" for a new house and automobile rather than on necessity.

**2. Divorce— alimony—supporting spouse's income—investments—properly considered**

The trial court correctly considered a supporting spouse's investment income in ordering alimony even though defendant contended that his investment income was not actually received by him since it was automatically reinvested and argued that it was not guaranteed. A supporting spouse may not insulate himself from payment of alimony by choosing to reinvest income rather than actually receive it.

**3. Divorce— alimony—marital misconduct—findings required**

The trial court erred in an alimony action by not making specific findings on marital misconduct where evidence was offered on that factor.

**4. Divorce— alimony—findings—duration of award**

An alimony order was remanded where the trial court set forth no reason for the thirty-month duration of the award. N.C.G.S. § 50-16.3A(c).

Appeal by plaintiff from alimony order and judgment entered 17 October 1997 by Judge Joseph M. Buckner in Orange County District Court. Heard in the Court of Appeals 21 October 1997.

*Hayes Hofler & Associates, P.A., by R. Hayes Hofler, for plaintiff appellant.*

*Sharpe & Mackritis, P.L.L.C., by Jimmy D. Sharpe and Lisa M. Dukelow, for defendant appellee.*

HORTON, Judge.

Doris Friend-Novorska (Doris) and James C. Novorska (James) were married on 13 February 1982 and separated on 30 June 1995. No children were born to their marriage. On 3 January 1996, Doris filed a complaint seeking postseparation support and alimony from James, an equitable distribution of the marital property of the parties, and attorneys' fees.

On 24 July 1997, a judgment of equitable distribution was entered in Orange County District Court. An appeal by Doris from that judgment is now pending before this Court. Thereafter, a judgment was entered awarding Doris alimony and reserving the issue of attorneys' fees. From that judgment Doris appeals, contending the trial court erred in setting the amount of alimony and in failing to make adequate findings with regard to marital misconduct. James cross-appealed, contending the trial court should not have awarded alimony to Doris in any amount.

[1] The first issue before this Court is whether the trial court abused its discretion in awarding Doris alimony in the sum of $600.00 per month for 30 months, after finding that she was a dependent spouse and that she needed more than $1,300.00 per month from James to maintain her standard of living. Specifically, the trial court found that Doris required the sum of $3,089.00 per month "to maintain the standard of living to which she has become accustomed during the last several years of the marriage[.]"

The trial court found as a fact that Doris had an available net income of $1,745.22 per month from her employment and "is in need of a contribution on a monthly basis of $1,343.78 to meet her monthly living needs." At the time of trial, James had net monthly income from his employment of $4,077.00 per month, and net investment income after taxes of $9,729.20 per year (or about $810.00 per month). The

trial court found that James had "actual present monthly expenses [of] $3,758.00" at trial.

In making its decision to award a monthly amount of alimony substantially less than her needs, the trial court erroneously relied on James' desire to purchase a new house and car. The trial court found in pertinent part:

15. Based on Defendant's amended financial affidavit submitted at trial, and his own testimony, his actual present monthly expenses are $3,758. This is based on Defendant presently having rent of $745 per month for a luxury apartment, and no payments to make on his present vehicle. However, Defendant desires to purchase a new house with a minimum down payment which would increase his rent\mortgage payments from $745 to $1,277 per month. He has already made inquiries concerning such a new house, and the Court finds that the house he is interested in would be very similar to the marital residence the Plaintiff presently occupies. Defendant also desires to purchase a new automobile and incur monthly payments of $350 per month.

The trial court expressly considered James' desire to live in a house rather than a "luxury apartment," and to purchase a new car, although there is no showing that he needed to do either. After considering the effect of those future expenditures, the trial court found that James could pay alimony of $600.00 per month. The trial court further found that James would receive a tax benefit amounting to about $210.00 per month, and that Doris would receive from the $600.00 monthly payment a net after taxes of $520.00 per month "with which to meet her reasonable needs."

The effect of the trial court's ruling is to allow a supporting spouse to reduce his net monthly income, and thus his obligation to his dependent spouse, based not on necessity, but instead on his expressed "desires" for a new house and automobile. In doing so, the trial court abused its discretion. The trial court's order would allow James to increase his estate while minimizing his obligation to Doris. A supporting spouse may not intentionally increase his monthly expenditures by making unnecessary capital expenditures and thereby avoid, or minimize, his alimony obligation to the dependent spouse.

[2] James argues the trial court erred in ordering any amount of alimony for Doris. He contends his investment income is not actually

received by him since it is automatically reinvested as received. He argues the trial court should not have considered his investment income since it is neither guaranteed nor actually received by him. In addition, he claims the trial court abused its discretion in ordering any amount of alimony for Doris after considering his anticipated expenses for a new house and car. We disagree.

A supporting spouse may not insulate himself from payment of alimony by choosing to reinvest income each year rather than actually receive it. Nor, as pointed out above, may a dependent spouse choose to invest his surplus income in a new house and car when no necessity is shown for the expenditures and the effect is to deprive the dependent spouse of funds necessary for living expenses. Thus, the trial court was correct in considering James' investment income.

[3] Finally, Doris complains the trial court failed to consider evidence of James' marital misconduct. Doris offered evidence tending to show that James communicated with other women during the marriage, and he met with a woman for about an hour on one or two occasions at an apartment he rented before the parties separated. In addition, Doris offered evidence showing that James hugged and kissed the same woman on at least one occasion when he escorted her from his apartment to her car.

N.C. Gen. Stat. § 50-16.3A(c) (1995) provides, in pertinent part, with some exceptions not applicable here, that "the court shall make a specific finding of fact on each of the factors in subsection (b) of this section if evidence is offered on that factor." Factor (1) in subsection (b) is the marital misconduct of the parties. Since the parties have offered evidence on that factor, the trial court was required, by the express terms of the statute, to make specific findings that the existence of the factor was or was not supported by the greater weight of the evidence.

[4] We also note that N.C. Gen. Stat. § 50-16.3A(c) requires that the trial court shall, if making an alimony award, set forth "the reasons for its amount, *duration*, and manner of payment." (Emphasis added.) Here the trial court sets forth no reasons for the 30-month duration of the award. As we said in *Payne v. Payne*, 49 N.C. App. 132, 137, 270 S.E.2d 546, 549 (1980), "[o]vershadowing the entire matter is the inescapable fact that [when the alimony payments cease,] plaintiff's right to 'permanent alimony' will terminate, along with any semblance of her accustomed standard of living." On remand, the trial

court must make a new award of alimony and make specific findings justifying that award, both as to amount and duration. Those portions of the order declaring Doris to be a dependent spouse and James to be a supporting spouse are affirmed.

For the foregoing reasons, the decision of the trial court is

Affirmed in part, and vacated and remanded in part.

Judges MARTIN, John C., and TIMMONS-GOODSON concur.