DORIS FRIEND-NOVORSKA, Plaintiff v. JAMES C. NOVORSKA, Defendant

No. COA00-254

(Filed 15 May 2001)

### 1. Appeal and Error— alimony order vacated and remanded— new findings

The trial court did not err by making new findings of fact on remand of an alimony order where the original decision that plaintiff was a dependent spouse and defendant a supporting spouse was affirmed on appeal, but the remainder of the decision was vacated. The vacated portions of the order were void and of no effect, and the trial court was free to reconsider the evidence and to enter new or additional findings based on the evidence, with the exception of the portions of the order affirmed in the first appeal.

### 2. Divorce— alimony—findings

The trial court's findings supported the amount and duration of an alimony award where the court made findings on all of the N.C.G.S. § 50-16.3A(b) factors for which evidence was presented, there is no indication that the court misapplied the law when making findings on those factors, and the record does not show that the court abused its discretion when assigning weight to those factors.

### 3. Divorce— alimony—attorney fees—findings

An alimony order was remanded for findings on whether plaintiff was entitled to an award of attorney fees where the court did not make any findings regarding whether plaintiff was without sufficient means to subsist during the prosecution of the suit and to defray the necessary expenses and the court's conclusion

---

that plaintiff was not entitled to an award of attorney fees was therefore not supported by the findings.

Judge HUDSON dissenting.

Appeal by plaintiff from order filed 7 September 1999 by Judge Joseph M. Buckner in Orange County District Court. Heard in the Court of Appeals 13 March 2001.

*Hayes Hofler & Associates, P.A., by R. Hayes Hofler, for plaintiff-appellant.*

*Darsie, Sharpe, Mackritis & Dukelow P.L.L.C., by Jimmy D. Sharpe and Lisa M. Dukelow, for defendant-appellee.*

GREENE, Judge.

Doris Friend-Novorska (Plaintiff) appeals an order filed 7 September 1999 awarding Plaintiff temporary alimony from James C. Novorska (Defendant).

This case was originally heard by this Court based on Plaintiff's appeal from an alimony order entered on 17 October 1997. *See Friend-Novorska v. Novorska,* 131 N.C. App. 867, 509 S.E.2d 460 (1998) (*Friend-Novorska I*). The following facts are based on the facts recited in *Friend-Novorska I*: Plaintiff and Defendant were married on 13 February 1982 and separated on 30 June 1995. No children were born to the marriage. Plaintiff filed a complaint against Defendant on 3 January 1996, seeking postseparation support, alimony, equitable distribution, and attorney's fees. Subsequent to a hearing on Plaintiff's claim for alimony, the trial court made the following pertinent findings of fact: Plaintiff has monthly expenses of $3,089.00 " 'to maintain the standard of living to which she has become accustomed during the last several years of the marriage' "; Plaintiff has an available net income of $1,745.22 per month from her employment and " 'is in need of a contribution on a monthly basis of $1,343.78 to meet her monthly living needs' "; Defendant has a net monthly income from his employment of $4,077.00 and a net investment income of approximately $810.00 per month; and Defendant has " 'actual present monthly expenses [of] $3,758.00.' " Based on its findings of fact, the trial court awarded Plaintiff alimony in the amount of $600.00 per month for 30 months.

On appeal, this Court held that "[i]n making its decision to award a monthly amount of alimony substantially less than [Plaintiff's]

needs, the trial court erroneously relied on [Defendant's] desire to purchase a new house and car." *Id.* at 869, 509 S.E.2d at 461. Because Defendant argued before this Court in *Friend-Novorska I* that the trial court erred by considering his investment income, this Court also held "the trial court was correct in considering [Defendant's] investment income." *Id.* at 370, 509 S.E.2d at 462. Additionally, this Court held that because the parties offered evidence regarding Defendant's alleged marital misconduct, the trial court erred by failing to make findings of fact regarding whether "the existence of the factor was or was not supported by the greater weight of the evidence." *Id.* Finally, this Court noted the trial court "set[] forth no reasons for the 30-month duration of the award." *Id.* This Court, therefore, held: "On remand, the trial court must make a new award of alimony and make specific findings justifying that award, both as to amount and duration. Those portions of the order declaring [Plaintiff] to be a dependent spouse and [Defendant] to be a supporting spouse are affirmed." *Id.* at 870-71, 509 S.E.2d at 462. Accordingly, this Court affirmed in part and vacated and remanded in part the decision of the trial court. *Id.* at 871, 509 S.E.2d at 462.

On remand, the trial court did not hear additional evidence regarding Plaintiff's claim for alimony. In an order filed 7 September 1999, the trial court made the following pertinent findings of fact:

> H. An equitable distribution order was entered in this cause . . . on July 24, 1997, from a hearing held May 28, 1997. Pursuant to the judgment of equitable distribution, . . . [P]laintiff received an unequal distribution of the marital property in her favor. . . . [P]laintiff received assets with a date of separation net value of $92,205.83, which was 55% of the marital estate, and . . . [D]efendant received assets with a date of separation net value of $75,441.13, or 45% of the marital estate. . . .

> . . . .

> L. . . . [P]laintiff was earning an annual salary of $17,280.00 working part-time at the date of separation. At the time of trial, . . . [P]laintiff worked full-time with University of North Carolina Hospital at an annual salary of $29,000.00 per year[.] . . . [P]laintiff has $1,745.22 per month net income available to her to meet . . . monthly expenses. . . . This is a permanent, full-time position which provides . . . [P]laintiff with health insurance at no cost, dental insurance, disability insurance and a retirement plan which requires a six percent (6%) deduction

from her salary and the State of North Carolina matches her contribution at the same rate.

M. . . . [D]efendant has a Bachelor of Administration Degree . . . which he obtained prior to the marriage[.] . . . [D]efendant . . . earns an annual gross salary of $80,000.00. Based on [D]efendant's amended financial affidavit submitted at trial, and his own testimony, his actual present monthly expenses are $3,758. This is based on [D]efendant presently having rent of $745 per month for an apartment, and no payments to make on his present vehicle. According to [D]efendant's affidavit, his net monthly income from his employment . . . is $4,077. . . . According to [D]efendant's 1996 Federal Income Tax return, [D]efendant has additional income of $196 per month from interest, dividends and refunds. . . . [D]efendant also recognized capital gains in 1996 of $12,404 due to the sale of securities.[1]

. . . .

Q. . . . [P]laintiff presented into evidence a financial affidavit with regard to her necessities of utilities, food, clothing, cosmetics and shelter [as] evidence [of] a need of $2,394.00 per month excluding maintenance on the property which . . . [P]laintiff testified is $350.00 per month. . . . [P]laintiff also submitted an amended affidavit and testified that her expenses had decreased in some respects and increased in others. . . .

R. Based upon the testimony, the Court finds the reasonable fixed expenses of . . . [P]laintiff to be $1,802.00 per month. Therefore, . . . [P]laintiff's total reasonable needs are $2,685.00 per month and . . . [P]laintiff's shortfall for her projected needs, after applying her income, is approximately $939.78 per month.

S. . . . [P]laintiff was awarded an unequal distribution in her favor and is able to re-allocate her resources to meet her reasonable needs, including, but not limited to, refinancing the marital residence without depleting her separate estate.

. . . .

1. In its 17 October 1997 order, the trial court found as fact that Defendant had income from "interest, dividends, refunds, and capital gains" of $14,968.00 per year.

V. The Court has considered the evidence presented by both par-
ties as it relates to the factors set forth in North Carolina
General Statute[] § 50-16.3A(b), and finds facts related to
those factors as follows:

(1) **The marital misconduct of either of the spouses.** The
Court considered the evidence presented by . . . [P]laintiff
relating to . . . [D]efendant's friendship with several
women prior to separation. Both parties had friends of
the opposite sex during the course of the marriage.
Neither party committed illicit sexual marital misconduct
during the course of the marriage and prior to the date of
separation.

(2) **The relative earnings and earning capacities of the
spouses.** This is a mid-life second marriage for both of
the parties. Both of the parties had selected careers and
been educated for their career plans prior to this mar-
riage. At the time of trial, both parties were earning to
their full capacity and both parties' relative earnings were
based upon their educational background and employ-
ment history that each obtained prior to this marriage.

. . . .

(8) **The standard of living of the spouses established
during the marriage.** The parties lived beyond their
means during the last four years of their marriage as a
result of expenditures by the parties during the marriage
of funds and assets received by . . . [D]efendant from his
mother's estate. The inflated standard of living estab-
lished by the parties during the last four (4) years of their
marriage resulted from . . . [D]efendant inheriting approx-
imately $200,000.00 from his mother's estate.

(9) **The relative education of the spouses and the time
necessary to acquire sufficient education or train-
ing to enable the spouse seeking alimony to find
employment to meet his or her reasonable economic
needs.** Upon separation of the parties, . . . [D]efendant
voluntarily provided support for . . . [P]laintiff from July,
1995, to the entry of the post separation support to June
14, 1996, to enable her to work herself into a full-time
position at the University of North Carolina at Chapel Hill,

commensurate with her education and training. Additionally, . . . [D]efendant voluntarily agreed to continue post separation support to . . . [P]laintiff by a consent order dated June 14, 1996, thus allowing . . . [P]laintiff to complete her training such that she could accept a full-time position at the University of North Carolina at Chapel Hill in order to meet her reasonable economic needs. Both parties are currently employed to their full capacity and neither needs to be re-trained in order to seek employment or to meet their reasonable economic needs.

. . . .

(11) **The property brought to the marriage by either spouse.** The parties expended approximately $100,000.00 of . . . [D]efendant's separate property which he received from his mother's estate during the last several years of their marriage, thus creating an inflated standard of living for the parties during that period of time.

. . . .

(13) **The relative needs of the spouses.** . . . Both parties have the ability to meet their relative needs in order to subsist in the future. The Court recognizes that certain expenses will have to be cut and re-allocated by both parties in order to live within their means which was not the case during the last few years of the parties' marriage.

. . . .

(15) **Any other factor relating to the economic circumstances of the parties that the court finds to be just and proper.** During the course of the marriage . . . [P]laintiff shared all residences with . . . [D]efendant and at times . . . [D]efendant's son. At the time of trial, . . . [P]laintiff is not sharing her residence with another person and continues to live in the same home with the same square footage and acreage as when two people occupied the residence. . . . [P]laintiff's current residence is greater than she needs to maintain her standard of living established during the marriage; however, . . .

[P]laintiff voluntarily chose to retain the house and 5.47 acres which is subject to the mortgage of approximately $139,000.00 at the date of this trial. . . . [P]laintiff has not sought a roommate and refuses to refinance the debt on her residence.

The trial court then concluded as a matter of law, in pertinent part:

Based upon the factors set forth in North Carolina General Statute § 50-16.3A(b), the [c]ourt concludes that a term of alimony for thirty consecutive months from October, 1997 to April, 2000, in the amount of $600.00 per month is reasonable and equitable based on the findings of fact made by this Court . . . .

Additionally, the trial court concluded that "[P]laintiff is not entitled to an award of attorney['s] fees."

---

The issues are whether: (I) the trial court on remand erred by making new and/or additional findings of fact when this Court vacated the order of the trial court in *Friend-Novorska I*; (II) the trial court's findings of fact are sufficient to support the amount and duration of its award of alimony under N.C. Gen. Stat. § 50-16.3A(b); and (III) the trial court's findings of fact support its conclusion "[P]laintiff is not entitled to an award of attorney['s] fees."

I

[1] Plaintiff argues the trial court was "bound by its own findings of fact" made in its 17 October 1997 order because it took no new evidence on remand. Plaintiff, therefore, contends the trial court erred by making new and/or additional findings of fact on remand, including its finding of fact regarding the contribution needed by Plaintiff to meet her monthly expenses.

In *Friend-Novorska I*, this Court affirmed the decision of the trial court that Plaintiff was a dependent spouse and Defendant was a supporting spouse. Additionally, this Court held "the trial court was correct in considering [Defendant's] investment income." The remainder of the trial court's decision was vacated and remanded to the trial court for "a new award of alimony" and "specific findings justifying that award." The term "vacate" means: "To annul; to set aside; to cancel or rescind. To render an act void; as, to vacate . . . a judgment." *Black's Law Dictionary* 1548 (6th ed. 1990). Thus, the vacated portions of the 17 October 1997 order were void and of no effect. On remand, therefore, the trial court was free to reconsider the evidence

before it and to enter new and/or additional findings of fact based on the evidence, with the exception that the trial court was bound on remand by any portions of the 17 October 1997 order affirmed by this Court in *Friend-Novorska I.* Accordingly, the trial court on remand was bound by its previous finding of fact regarding Defendant's investment income and by its previous conclusion that Defendant was a supporting spouse and Plaintiff was a dependent spouse. On remand, the trial court did not make new and/or additional findings regarding Defendant's investment income[2] or regarding its conclusion Defendant was a supporting spouse and Plaintiff was a dependent spouse. In regard to the remaining portions of its 7 September 1999 order, the trial court did not err by making new and/or additional findings of fact, including its finding of fact regarding the contribution needed by Plaintiff to meet her monthly expenses.

II

**[2]** Plaintiff argues the trial court's findings of fact do not support the amount and duration of its alimony award. We disagree.

N.C. Gen. Stat. § 50-16.3A, which governs actions for alimony, states, in pertinent part: "The court shall exercise its discretion in determining the amount, duration, and manner of payment of alimony." N.C.G.S. § 50-16.3A(b) (1999). In determining the amount, duration, and manner of payment of alimony, the trial court must consider the sixteen factors set forth in section 50-16.3A(b) and "make a specific finding of fact on each of the factors in subsection (b) . . . if evidence is offered on that factor." N.C.G.S. §§ 50-16.3A(b), 50-16.3A(c) (1999). Additionally, section 50-16.3A(c) provides: "The court shall set forth the reasons for its award or denial of alimony and, if making an award, the reasons for its amount, duration, and manner of payment." N.C.G.S. § 50-16.3A(c). The issue of what constitutes sufficient "reasons for" the amount, duration, and manner of payment of an alimony award has previously not been addressed by this Court. However, because the statutory scheme provided in section 50-16.3A is similar to N.C. Gen. Stat. § 50-20 (equitable distribution of marital and divisible property), the findings of fact required to support an equitable distribution award under section 50-20 provide

---

2. In its 17 October 1997 order, the trial court attributed to Defendant $14,968.00 gross income per year from dividends, interest, capital gains, and tax refunds. In its 7 September 1999 order, the trial court attributed to Defendant $14,756.00 gross income per year from these same sources. As the amounts of additional income are not materially different, we affirm the trial court's findings in its 7 September 1999 order regarding Defendant's income from dividends, interest, capital gains, and tax refunds.

guidance as to the findings of fact required to support an alimony award under section 50-16.3A.

N.C. Gen. Stat. § 50-20(c) provides twelve factors the trial court must consider when determining the equitable distribution of marital and divisible property. N.C.G.S. § 50-20(c) (1999). As with section 50-16.3A, the trial court must make findings of fact under section 50-20 regarding any of the factors for which evidence is introduced at trial. *Armstrong v. Armstrong*, 322 N.C. 396, 406, 368 S.E.2d 595, 600 (1988). Section 50-20 further provides: "In any order for the distribution of property made pursuant to [N.C. Gen. Stat. § 50-20], the court shall make written findings of fact that support the determination that the marital property and divisible property has been equitably divided." N.C.G.S. § 50-20(j) (1999). Findings of fact are sufficient to "support the determination" an equitable division has been made when findings of fact have been made on the ultimate facts at issue in the case, and the findings of fact show the trial court properly applied the law in the case. *Armstrong*, 322 N.C. at 405-06, 368 S.E.2d at 600; *Atkinson v. Chandler*, 130 N.C. App. 561, 566, 504 S.E.2d 94, 97 (1998). The weight given each factor, however, is within the discretion of the trial court, and the trial court is not required to specifically state the weight given each factor to "support the determination" an equitable distribution has been made. *White v. White*, 312 N.C. 770, 777-78, 324 S.E.2d 829, 833 (1985). Additionally, the weight given each factor by the trial court must be upheld on appeal absent a showing of abuse of discretion. *Id.* at 777, 324 S.E.2d at 833 ("trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason"). Thus, because the discretionary powers granted to the trial court in equitable distribution actions is similar to the discretion granted to the trial court in alimony actions, *see id.* (comparing "wide discretionary powers" granted to the trial court in equitable distribution actions, alimony actions, and child support and custody actions), we hold the findings of fact required to support the amount, duration, and manner of payment of an alimony award are sufficient if findings of fact have been made on the ultimate facts at issue in the case[3] and the findings of fact show the trial court properly applied the law in the case. The findings of fact need not set forth the weight given to the factors in section 50-16.3A(b) by the trial court when determining the appropriate amount, duration, and manner of payment,

---

3. The ultimate facts at issue in the case are facts relating to the factors set forth in section 50-16.3A(b) for which evidence is presented at trial.

as the weight given the factors is within the sound discretion of the trial court.

In this case, the trial court made extensive findings of fact regarding the parties' incomes and expenses. The trial court found as fact that Plaintiff's "shortfall for her projected needs . . . is approximately $939.78 per month." In awarding Plaintiff an alimony award of $600.00 per month for 30 months, the trial court considered: Plaintiff received an unequal distribution of the marital property in her favor; Plaintiff is able to "re-allocate her resources to meet her reasonable needs . . . without depleting her separate estate"; both of the parties "had selected careers and been educated for their career plans prior to this marriage"; the parties lived beyond their means during the last four years of their marriage; subsequent to the parties' separation, Defendant provided support to Plaintiff which enabled Plaintiff to obtain a full-time position at the University of North Carolina at Chapel Hill and to "complete her training . . . in order to meet her reasonable economic needs"; and "certain expenses will have to be cut and re-allocated by both parties in order to live within their means which was not the case during the last few years of the parties' marriage." The record shows the trial court made findings of fact on all of the section 50-16.3A(b) factors for which evidence was presented, and there is no indication in the record that the trial court misapplied the law when making findings on these factors. Additionally, the record does not show the trial court abused its discretion when assigning weight to the section 50-16.3A(b) factors in this case. Accordingly, we must affirm the amount, duration, and manner of payment of the trial court's 7 September 1999 award of alimony.

III

**[3]** Plaintiff argues the trial court erred by failing to award her attorney's fees under N.C. Gen. Stat. § 50-16.4.

Section 50-16.4 provides, in pertinent part: "At any time that a dependent spouse would be entitled to alimony pursuant to G.S. 50-16.3A, . . . the court may, upon application of such spouse, enter an order for reasonable counsel fees for the benefit of such spouse, to be paid and secured by the supporting spouse in the same manner as alimony." N.C.G.S. § 50-16.4 (1999). "Before granting an award of attorney[']s[] fees, the trial court must determine, as a mater of law, that the spouse seeking the award is dependent, and that the spouse is without sufficient means to subsist during the prosecution

of the suit and to defray the necessary expenses." *Owensby v. Ownesby*, 312 N.C. 473, 475, 322 S.E.2d 772, 773-74 (1984). When an award of attorney's fees is properly awarded, the amount of the award is within the discretion of the trial court. *Id.* at 475, 322 S.E.2d at 774.

In this case, the trial court concluded Plaintiff is a dependent spouse. The trial court did not, however, make any findings regarding whether Plaintiff "is without sufficient means to subsist during the prosecution of the suit and to defray the necessary expenses." The trial court's conclusion of law that "[P]laintiff is not entitled to an award of attorney['s] fees" is, therefore, not supported by its findings. Accordingly, the portion of the trial court's 7 September 1999 order denying Plaintiff attorney's fees is reversed, and this case is remanded to the trial court for findings on whether Plaintiff is entitled to an award of attorney's fees. The remaining portions of the trial court's 7 September 1999 order are affirmed. We reject the additional arguments asserted by Plaintiff in her brief to this Court.

Affirmed in part and reversed in part.

Judge McCULLOUGH concurs.

Judge HUDSON dissents.

HUDSON, Judge, dissenting.

I do not believe the majority opinion fully addresses a number of crucial issues in this case. These issues are: (I) precisely which portions of the trial court's original order were vacated, and which portions were left standing, by this Court in *Friend-Novorska v. Novorska*, 131 N.C. App. 867, 509 S.E.2d 460 (1998) (*Friend-Novorska I*); (II) the trial court's failure to make a new award of alimony on remand; and (III) the trial court's renewed failure to explain both the amount of alimony and the duration of the award on remand. For these reasons, I must dissent.

The trial court's original order, from which plaintiff appealed in *Friend-Novorska I*, contained only two conclusions of law:

1. Plaintiff is, and was during the marriage and at date of separation, the dependent spouse . . . . Defendant is and was the supporting spouse at these times . . . .

> 2. . . . Defendant should pay alimony to Plaintiff of $600 per month for a term of thirty consecutive months.

On appeal from this order in *Friend-Novorska I*, plaintiff set forth only one assignment of error: "The Order and Judgment for Alimony ordering Defendant to pay Plaintiff $600 per month for thirty consecutive months as being contrary to law and unsupported by evidence, findings of fact and conclusions of law." In her brief, plaintiff argued as a subsidiary issue that the trial court erred by failing to make adequate findings with regard to marital misconduct. Likewise, defendant, in his brief to this Court, argued only one cross-assignment of error: the trial court's award of any alimony to plaintiff. Defendant argued as a subsidiary issue that the trial court erred in considering his investment income in determining his monthly income. Neither party, on appeal in *Friend-Novorska I*, assigned error to any other finding or conclusion in the trial court's first order.

In response to these two assignments of error, we affirmed (1) the trial court's first conclusion of law (that plaintiff was a dependent spouse and that defendant was a supporting spouse), and (2) the trial court's consideration of defendant's investment income in calculating defendant's net monthly income. However, we further held that the trial court had erred in three specific ways. First, we held that the trial court had erred in considering defendant's desire to purchase a new house and car "[i]n making its decision to award [to plaintiff] a monthly amount of alimony substantially less than her needs." *Id.* at 869, 509 S.E.2d at 461. We explained that the trial court had abused its discretion in allowing "a supporting spouse to reduce his net monthly income, and thus his obligation to his dependent spouse, based not on necessity, but instead on his expressed 'desires' for a new house and automobile." *Id.* Second, we held that the trial court had erred in not making findings regarding the marital misconduct of the parties since the parties had offered evidence on that issue. Third, we held that the trial court had erred in not making findings justifying either the amount or the duration of the award of alimony. In regard to this third error, we specifically cited *Payne v. Payne*, 49 N.C. App. 132, 137, 270 S.E.2d 546, 549 (1980), for the proposition that "[o]vershadowing the entire matter is the inescapable fact that [when the alimony payments cease,] plaintiff's right to 'permanent alimony' will terminate, along with any semblance of her accustomed standard of living." *Friend-Novorska*, 131 N.C. App. at 870, 509 S.E.2d at 462.

After our discussion of these three specific errors on the part of the trial court, we stated:

> On remand, the trial court must make a new award of alimony and make specific findings justifying that award, both as to amount and duration. Those portions of the order declaring [plaintiff] to be a dependent spouse and [defendant] to be a supporting spouse are affirmed. For the foregoing reasons, the decision of the trial court is Affirmed in part, and vacated and remanded in part.

*Id.* at 870-71, 509 S.E.2d at 462. Reading this language in context, I believe we vacated only the trial court's second conclusion of law awarding plaintiff $600.00 per month for thirty months. I further believe we remanded only for (1) a new award of alimony calculated without considering defendant's desire for a new house and car, (2) *additional* specific findings to justify the amount and duration of that award, and (3) *additional* findings as to marital misconduct. The majority states that aside from the two issues which we expressly affirmed (the conclusion that plaintiff was a dependent spouse and the consideration of defendant's investment income in calculating his monthly income),"the remainder of the trial court's decision was vacated." I disagree.

Plaintiff's single assignment of error from the trial court's original order in *Friend-Novorska I* contended only that the trial court's second conclusion of law, awarding plaintiff $600.00 per month for thirty months, was "contrary to law and unsupported by evidence, findings of fact and conclusions of law." Plaintiff did not assign error to any of the findings of fact in the trial court's original order. Likewise, although defendant on appeal in *Friend-Novorska I* initially assigned error to a few factual findings in the trial court's original order, these assignments of error were abandoned by defendant on appeal to this Court because in his brief in *Friend-Novorska I* he argued only one assignment of error, namely that the trial court erred in its legal conclusion that defendant should pay alimony to plaintiff. *See* N.C.R. App. P. 28(a). Where no error is assigned to findings of fact, such findings of fact "are presumed to be supported by competent evidence and are binding on appeal." *Anderson Chevrolet/Olds v. Higgins*, 57 N.C. App. 650, 653, 292 S.E.2d 159, 161 (1982). Because none of the findings of fact from the trial court's original order were challenged on appeal to this Court in *Friend-Novorska I*, and because we did not hold in that case that any of the findings were unsupported by the evi-

dence, I believe all of the findings of fact, rather than being vacated by our opinion in *Friend-Novorska I*, as the majority contends, remained intact.

In *Lea Co. v. N.C. Board of Transportation*, 323 N.C. 697, 374 S.E.2d 866 (1989), our Supreme Court stated:

> A decision of this Court on a prior appeal constitutes the law of the case, both in subsequent proceedings in the trial court and on a subsequent appeal. *Transportation, Inc. v. Strick Corp.*, 286 N.C. 235, 239, 210 S.E.2d 181, 183 (1974). "[O]ur mandate is binding upon [the trial court] and must be strictly followed without variation or departure. No judgment other than that directed or permitted by the appellate court may be entered." *D & W, Inc. v. Charlotte*, 268 N.C. 720, 722, 152 S.E.2d 199, 202 (1966). "We have held judgments of Superior [C]ourt which were inconsistent and at variance with, contrary to, and modified, corrected, altered or reversed prior mandates of the Supreme Court . . . to be unauthorized and *void*." *Collins v. Simms*, 257 N.C. 1, 8, 125 S.E.2d 298, 303 (1962).

*Id.* at 699, 374 S.E.2d at 868. Here, despite the absence of any instructions from this Court to the trial court in *Friend-Novorska I* to delete, modify or supplant the findings of fact from its original order, the trial court on remand reconsidered the very same evidence and entered findings of fact which are contrary to those in its original order (which new findings of fact resulted in a greatly reduced calculation of plaintiff's reasonable monthly expenses). I believe the trial court was without authority to take this action, and I would reverse and remand with instructions that the trial court may only supplement the findings of fact from its original order in strict accordance with the directive of this Court in *Friend-Novorska I*.

I further believe the trial court erred in awarding plaintiff precisely the same alimony as in its original order, rather than making a new award of alimony as it was instructed to do on remand. In *Friend-Novorska I*, we held that the trial court had abused its discretion in awarding plaintiff alimony in the sum of $600.00 per month for 30 months. We reached this determination based on the following facts set forth in the trial court's first order: (1) plaintiff had an available net income of $1,745.22 per month from employment, while her reasonable monthly expenses were $3,089.00, resulting in plaintiff needing $1,343.78 per month to meet her monthly living expenses; (2) defendant had approximately $4,887.00 per month (including net

income from salary and investments) with expenses of only $3,758.00 per month, giving him over $1,000 more than necessary to meet his monthly living expenses; and (3) an alimony award of $600 per month would provide defendant with about $210.00 per month in tax benefits, and would provide plaintiff a net of only $520.00 per month after taxes. In other words, the award of $600 per month would have left plaintiff with $823.78 less than her reasonable monthly expenses of $3,089, while providing defendant with approximately $761 more than his reasonable monthly expenses of $3,758. Thus, we held that the trial court had abused its discretion in awarding plaintiff "substantially less than her needs," *Friend-Novorska*, 131 N.C. App. at 869, 509 S.E.2d at 461, and ordered the trial court on remand to "make a new award of alimony," *id.* at 871, 509 S.E.2d at 462.

The trial court, however, did not make a new award of alimony. Instead, the trial court made the same award of $600 per month for the same duration of 30 months. Furthermore, the only calculation that has changed in the trial court's second order as compared to its original order is the calculation of plaintiff's reasonable monthly expenses (based on the very same evidence, the trial court inexplicably reduced plaintiff's reasonable monthly car expenses from $307 to $150, and reduced plaintiff's reasonable monthly expenses for home maintenance from $350 to $100). According to these new calculations, an award of $600 per month would still leave defendant with $761 more than his reasonable monthly expenses of $3,758, while still leaving plaintiff with $419.78 less than her recalculated reasonable monthly expenses of $2,685. As in *Payne*, where the trial court's alimony award would have provided plaintiff with $138 less per month than her reasonable monthly living expenses but would have provided defendant with $739 more per month than his reasonable monthly living expenses, "the order challenged by this appeal effectively destroys plaintiff's 'accustomed standard of living' while substantially improving defendant's." *Payne*, 49 N.C. App. at 137, 270 S.E.2d at 549. I believe the trial court's alimony award of $600 per month in its second order directly contradicts our instructions on remand and constitutes reversible error.

Finally, in *Friend-Novorska I*, we not only ordered the trial court on remand to make a new award of alimony, but also to "make specific findings justifying that award, both as to amount and duration." *Id.* The trial court's second order states:

> The Court concludes that a term of alimony for thirty consecutive months from October, 1997 to April, 2000, in the amount of

$600.00 per month is reasonable and equitable based on the findings of fact made by this Court in paragraph 4, and its subsections, of the findings of fact.

"Paragraph 4" comprises 14 pages of the order (the entire order is 15 pages), and "its subsections" include paragraphs A through V, and, under paragraph V, sub-paragraphs 1 through 15. I believe this broad reference to virtually every finding in the order as a basis for concluding that the amount and duration of the alimony award is reasonable is insufficiently specific to satisfy our explicit instructions in *Friend-Novorska I*.

In sum, I believe the trial court's second order follows neither the explicit instructions, nor the spirit, of this Court's opinion in *Friend-Novorska I*. I believe the findings of fact in the original order were not vacated by our opinion in *Friend-Novorska I* and that the trial court was without authority to modify or supplant those findings. I also believe the trial court's failure to make a new award of alimony, and the trial court's failure to make additional findings justifying the amount and duration of the award, constitute reversible error. Therefore, I must dissent.