TIMMONS-GOODSON, Judge.
 

 Defendant William Gillispie appeals from an order of the trial court granting alimony to plaintiff Linda Gillispie. For the reasons detailed herein, we affirm the order of the trial court.
 

 The pertinent facts are as follows: On 12 May 2000, plaintiff filed a complaint in the Iredell County District Court seeking divorce from bed and board, alimony and post-separation support, equitable distribution, and attorneys' fees. The trial court entered a judgment of divorce on 2 July 2001, noting that therewere "issues of equitable distribution between the parties still pending adjudication or settlement between the parties." On 25 April 2002, the issue of alimony was heard by the trial court, and the court entered an order awarding plaintiff alimony in the amount of $400.00 per month. The order of alimony specifically noted that the matter was "retained for further Orders of the Court."
 

 The dispositive issue on appeal is whether the trial court erred in awarding plaintiff alimony in the amount of $400.00. Actions for alimony are governed by G.S. 50-16.3A, which vests the trial court with the discretion to determine "the amount, duration, and manner of payment of alimony."
 
 N.C. Gen. Stat. § 50-16
 
 .3A(b)(2003). "In determining the amount, duration, and manner of payment of alimony, the trial court must consider the sixteen factors set forth in section 50-16.3A(b) and `make a specific finding of fact on each of the factors . . . if evidence is offered on that factor.'"
 
 Friend-Novorska v. Novorska,
 

 143 N.C. App. 387
 
 , 394,
 
 545 S.E.2d 788
 
 , 793,
 
 aff'd,
 

 354 N.C. 564
 
 ,
 
 556 S.E.2d 294
 
 (2001). G.S. 50-16.3A(c) further provides that "[T]he court shall set forth the reasons for its award or denial of alimony and, if making an award, the reasons for its amount, duration, and manner of payment."
 
 N.C. Gen. Stat. § 50-16
 
 .3A(c)(2003). In
 
 Friend-Novorska,
 
 this Court held that "findings of fact required to support the amount, duration, and manner of payment of an alimony award are sufficient if findings of fact have been made on the ultimate facts at issue in the case and the findings of fact showthe trial court properly applied the law in the case."
 
 Friend-Novorska,
 

 143 N.C. App. at 395
 
 ,
 
 545 S.E.2d at 794
 
 (footnote omitted). Accordingly, where findings of fact clearly show the trial court has considered the appropriate factors, these findings will be deemed sufficient upon our review.
 
 See Friend-Novorska,
 

 354 N.C. 564
 
 ,
 
 556 S.E.2d 294
 
 .
 

 In the instant case the trial court made the following relevant findings of fact:
 

 2. The Plaintiff and Defendant were married to each other on September 30, 1977, separated on April 23, 2000 and were subsequently divorced on July 2, 2001.
 

 . . .
 

 5. The Court has been informed that the Defendant has stipulated that he engaged in marital misconduct. Evidence showed that the marital misconduct was an extra-marital affair which resulted in the birth of a child who is now eleven years of age. The Defendant is currently married to the child's mother.
 

 6. The Court finds that the Plaintiff is disabled and currently receives Social Security benefits in the amount of $750.00. This amount will decrease to $696.00 as soon as this case is completed. The Court finds that the Plaintiff was qualified for disability on September 16, 1996, which was during the marriage. She has not been able to work since February of 1996.
 

 7. The Court finds that after the separation, the Plaintiff was unable to pay her bills and had to move in with her mother with whom she is currently living.
 

 8. The Court finds that the Defendant is gainfully employed at Bali and makes $11.21 per hour for a typical 40 hour week. Testimony revealed that his net monthly income is around $1,251.00 per month. The Defendant is currently under an Order of post-separationsupport where he is to maintain health insurance on the Plaintiff. At the time the Court signed the order, health insurance for the Plaintiff cost the Defendant $27.00 per month. Due to the divorce, Bali would no longer insure the Plaintiff so the Defendant purchased a health insurance policy at a cost of $279.00 per month.
 

 9. Both parties filed financial affidavits in this matter.
 

 10. The Court finds that the Plaintiff is a dependent spouse and the Defendant is a supporting spouse as defined by the laws of North Carolina.
 

 11. The Court finds that the sum of $400.00 per month is a reasonable amount of alimony for the Plaintiff's needs and the Defendant can pay that amount. Plaintiff will pay her own medical insurance.
 

 Based upon its findings of facts, the trial court concluded, pertinently,
 

 3. That the Plaintiff is a dependant spouse and the Defendant is a supporting spouse.
 

 . . .
 

 5. That the Plaintiff is entitled to alimony and the Defendant is able to pay a reasonable amount of alimony.
 

 Defendant has, however, only assigned error to the trial court's eleventh finding of fact. Particularly, defendant takes issue with that portion of the finding that "Defendant can pay [the sum of $400.00 per month in alimony]."
 

 It is well settled that in reviewing findings of fact made by a trial court, those findings are conclusive if supported by competent evidence.
 
 Hollerbach v. Hollerbach,
 

 90 N.C. App. 384
 
 , 387,
 
 368 S.E.2d 413
 
 , 415 (1988). This is true, although there maybe evidence to support findings to the contrary.
 
 Raynor v. Odom,
 

 124 N.C. App. 724
 
 , 729,
 
 478 S.E.2d 655
 
 , 658 (1996). Finally, "[w]here no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal."
 
 Koufman v. Koufman,
 

 330 N.C. 93
 
 , 97,
 
 408 S.E.2d 729
 
 , 731 (1991).
 

 In the instant case, the record evidence shows that defendant worked a typical 40-hour work week, at an hourly wage of $11.21 per hour. Defendant's pay stubs showed an average gross pay of $896.80 every two weeks, with deductions for taxes, insurance, retirement, and a loan in the amount of approximately $349.85 each pay period- equaling to net pay in the amount of $596.95 every two weeks, or about $1,134.00 per month. We note that defendant testified on cross-examination that he received a total of approximately $1,900.00 in state and federal tax refunds for the previous tax year. These large refunds were in great part due to defendant's election to have his employer withhold significant tax payments from his paycheck during the year.
 

 Prior to the parties' divorce, we note that defendant was paying, without objection, a total of $276.00, which represented post-separation support payments of $250.00 and health insurance coverage costs in the amount of $26.00. At the time of hearing, defendant had been paying alimony in the amount of $250.00 and $279.00 for medical insurance. Defendant contended that he was not able to make these payments and meet his monthly living expenses.
 

 Taking defendant's evidence of income and monthly expensesinto account, the trial court provided that defendant no longer be responsible for maintaining medical insurance for plaintiff. The court, however, provided that defendant pay plaintiff alimony payments of $400.00 per month. We conclude that there was sufficient evidence to support the court's finding that defendant is capable of paying $400.00 per month in alimony payments.
 

 Since defendant failed to assign error or present arguments as to the remaining findings of fact, those findings are binding and conclusive on this Court on appeal.
 
 See Koufman,
 

 330 N.C. at 97
 
 ,
 
 408 S.E.2d at 731
 
 . To that end, we conclude that those findings, which significantly represent most if not all of the applicable factors in G.S. 50-16.3A(b), support the court's conclusions of law. Accordingly, the trial court did not err in awarding plaintiff $400.00 per month in alimony payments.
 

 Having so concluded, the order of the trial court is affirmed.
 

 Affirmed.
 

 Judges HUNTER and ELMORE concur.
 

 Report per Rule 30(e).