RUTH M. QUEEN, Plaintiff,
v.
CLAUDE T. QUEEN, Defendant.
No. COA07-1207
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
Edwin C. Ham, P.C., by Edwin C. Ham, for plaintiff-appellant.
Homesley, Goodman & Wingo, P.L.L.C., by Ronnie D. Crisco, Jr., for defendant-appellee.
TYSON, Judge.
Ruth M. Queen ("plaintiff") appeals orders entered: (1) directing a distribution of the parties' marital and divisible property and (2) awarding plaintiff alimony for a duration of 120 days. We affirm.

I. Background
Plaintiff and Claude T. Queen ("defendant") were married on 5 March 1980 and separated approximately twenty-five years later on 22 February 2005. Plaintiff and defendant have two children, who have reached the age of majority. On 15 May 2005, a post-separation support order was filed awarding plaintiff $500.00 a month payable by defendant. The parties were granted a divorce on 8 June 2006. On 12 June and 1 August 2006, the trial court held hearings regarding equitable distribution of the parties' marital assets and plaintiff's request for permanent alimony.
On 19 October 2006, the trial court simultaneously filed an equitable distribution order and a judgment on alimony. In its equitable distribution order, the trial court: (1) found that an unequal distribution in favor of plaintiff was equitable; (2) awarded plaintiff 55 percent and defendant 45 percent of the net marital assets; (3) gave defendant a dollar for dollar credit for the tax liabilities incurred post-separation; (4) assigned the marital residence to defendant; (5) directed defendant to pay plaintiff a distributive award in the amount of $114,312.60; (6) directed plaintiff to vacate the marital residence upon payment of one-half the distributive award; and (7) afforded defendant 120 days to pay plaintiff one-half of the distributive award.
In its order, the trial court stated:
The court weighs the unequal contentions of both parties and considers that an unequal division is an equitable division of property. The court gives considerable weight to the fact that the Wife and Husband were married for twenty-five years, the Husband was the primary income provider, Wife has no expectation of retirement or savings accounts and the court is assigning the marital residence to the Husband.
In its judgment on alimony, the trial court found that: (1) plaintiff was a dependent spouse and defendant was a supporting spouse pursuant to N.C. Gen. Stat. § 50-16.1A and (2) plaintiff's allegations of misconduct by defendant were unfounded. Based upon the consideration of the relevant factors articulated in N.C. Gen.Stat. § 50-16.3A(b) (2005), the trial court ordered: (1) defendant to pay the first and second mortgage payments on the marital residence as permanent alimony, but stated the payment would only be deemed "alimony" for 120 days from the time the judgment was filed; (2) post-separation support to cease on 31 October 2006; (3) defendant to be current on the mortgage payments through 31 October 2006; and (4) each party to bear their own costs. From these orders, plaintiff appeals.

II. Issues
Plaintiff argues the trial court erred by: (1) valuing the marital residence by using the tax assigned value by Lincoln County in 2004 and 2006 and (2) limiting the duration of the alimony award as set forth in the judgment on alimony. Plaintiff's remaining assignments of error not carried forward and argued in her brief are deemed abandoned and dismissed. N.C.R. App. P. 28(b)(6) (2007).

III. Equitable Distribution
Plaintiff argues the trial court erred in its equitable distribution order by valuing the marital residence on the date of separation based upon tax valuations conducted by Lincoln County in 2004 and 2006. We disagree.

A. Standard of Review
"[T]he trial court is vested with wide discretion in family law cases, including equitable distribution cases. Thus, a trial court's ruling will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." Wall v. Wall, 140 N.C. App. 303, 307, 536 S.E.2d 647, 650 (2000) (internal citations and quotations omitted).

B. Analysis
Plaintiff argues the trial court abused its discretion by valuing the marital residence using incompetent evidence. We disagree.
N.C. Gen. Stat. § 50-21(b) (2005) states:
For purposes of equitable distribution, marital property shall be valued as of the date of the separation of the parties, and evidence of preseparation and postseparation occurrences or values is competent as corroborative evidence of the value of marital property as of the date of the separation of the parties.

(Emphasis supplied).
"[T]he trial court is to determine the net fair market value of the property based on the evidence offered by the parties." Fitzgerald v. Fitzgerald, 161 N.C. App. 414, 418, 588 S.E.2d 517, 521 (2003) (emphasis supplied). Further, "the trial court has an obligation to make specific findings regarding the value of any property classified as marital . . . . This obligation, however, exists only when there is credible evidence supporting the value of the asset." Grasty v. Grasty, 125 N.C. App. 736, 738-39, 482 S.E.2d 752, 754 (internal citations and quotations omitted), disc. rev. denied, 346 N.C. 278, 487 S.E.2d 545 (1997). The credibility of the evidence presented during an equitable distribution hearing is determined by the trial court. Id. (citation omitted).
The ad valorem tax value assessed by a county is evidence of the fair market value of real property. See N.C. Gen. Stat. § 105-283 (2005) ("All property, real and personal, shall as far as practicable be appraised or valued at its true value in money. When used in this Subchapter, the words 'true value' shall be interpreted as meaning market value, that is, the price estimated in terms of money at which the property would change hands between a willing and financially able buyer and a willing seller . . . ."). Here, defendant admitted into evidence, without objection, the parties' 2004 Lincoln County tax bill valuing the marital residence at $243,118.00. Defendant also submitted: (1) a photograph of the residence taken from the Lincoln County GIS website and (2) a then-current 2006 Lincoln County tax bill, which indicated the value of the residence remained $243,118.00.
Both parties also offered testimonial evidence to establish the value of the marital residence. Defendant testified that: (1) he believed the marital residence "would be worth a little more than what it's taxed as[]" and (2) he had spoken with an appraiser who stated the value of the marital residence is "the same thing that [the 2004 tax bill] says." Plaintiff testified: "[t]he value, I agree pretty much with that the same as him, the amount that's on the taxes."
Based upon the preceding evidence, the trial court made the following finding of fact:
Marital Home, Denver North Carolina:
The parties bought the residence in 1995, during the marriage. The three bedroom and three bath home is located in Denver[,] North Carolina. The court considered Exhibit #3F, the tax records on the home at the time of separation. There is no outside appraisal on the home. The value on [the] date of separation was $243,118.00. Defendant's Exhibit #8 fairly and accurately depicts the marital residence. There is no evidence that the home has a different value on [the] date of division. . . .
Defendant's evidence tended to show the taxation value of the marital residence remained unchanged from 2004 to 2006. Further, both parties testified that the value of the marital residence was as reflected in the 2004 and 2006 Lincoln County tax bills. We hold competent evidence supports the trial court's valuation of the residence at $243,118.00 on the date of separation. "A trial court's findings of fact in an equitable distribution case are conclusive if supported by any competent evidence." Fitzgerald, 161 N.C. App. at 418, 588 S.E.2d at 521 (emphasis supplied). This assignment of error is overruled.

IV. Alimony
Plaintiff argues the trial court erred by failing to state adequate reasons for limiting plaintiff's alimony award to a duration of 120 days. We disagree.

A. Standard of Review
"The amount of alimony is determined by the trial judge in the exercise of his sound discretion and is not reviewable on appeal in the absence of an abuse of discretion." Quick v. Quick, 305 N.C. 446, 453, 290 S.E.2d 653, 658 (1982) (citation omitted).

B. Analysis
In its alimony order, the trial court must "set forth the reasons for its award or denial of alimony and, if making an award, the reasons for its amount, duration, and manner of payment." N.C.Gen. Stat. § 50-16.3A(c) (2005). The trial court must also "make a specific finding of fact on each of the factors in subsection (b) of this section if evidence is offered on that factor." Id. This Court has stated:
[T]he findings of fact required to support the amount, duration, and manner of payment of an alimony award are sufficient if findings of fact have been made on the ultimate facts at issue in the case and the findings of fact show the trial court properly applied the law in the case. The findings of fact need not set forth the weight given to the factors in section 50-16.3A(b) by the trial court when determining the appropriate amount, duration, and manner of payment, as the weight given the factors is within the sound discretion of the trial court.
Friend-Novorska v. Novorska, 143 N.C. App. 387, 395-96, 545 S.E.2d 788, 794, aff'd, 354 N.C. 564, 556 S.E.2d 294 (2001).
Here, the trial court made findings of fact on all relevant factors under N.C. Gen. Stat. § 50-16.3A(b). In determining plaintiff's alimony award, the trial court considered: (1) the relative needs and earnings of the parties; (2) the unequal distribution of the marital assets in favor of plaintiff; (3) the length of the marriage; (4) the years plaintiff was employed; and (5) "the lack of marital fault grounds proven by plaintiff." The trial court also made extensive findings of fact regarding the parties' relative income and expenses.
Based upon these findings of fact, the trial court ordered:
Defendant [to] pay the first and second mortgage payments on the former marital residence beginning in November 2006 as permanent Alimony. This payment will cease to be "alimony" as soon as Plaintiff vacates the former marital residence as set forth in the Order and Judgment of Equitable Distribution. In no event shall this payment be deemed "alimony" for more than 120 days from entry of this judgment.

(Emphasis supplied). The trial court articulated its reason for limiting alimony to 120 days in finding of fact numbered 24:
The court considers the Plaintiff Wife has recevied an unequal distribution of property under the Equitable Distribution Judgment of the Court. This distribution will eliminate her obligation on two significant debts, i.e. the mortgage and second mortgage on the residence. The Defendant's distributive award will allow the Plaintiff to no longer be substantially dependent upon the Defendant for her maintenance and support.

(Emphasis supplied).
We hold the trial court made sufficient findings of fact on "the ultimate facts at issue in the case." Friend-Novorska, 143 N.C. App. at 395, 545 S.E.2d at 794. Defendant has failed to show the trial court abused its discretion by limiting plaintiff's alimony award to 120 days from the time the judgment was filed. This assignment of error is overruled.

V. Conclusion
The trial court properly considered the parties' testimony and the 2004 and 2006 Lincoln County tax bills as evidence of the value of the marital residence. Competent evidence supports the trial court's valuation of the residence at $243,118.00 on the date of separation.
Defendant has failed to show the trial court abused its discretion by limiting plaintiff's alimony award to 120 days from the time the judgment was filed. The trial court's orders are affirmed.
Affirmed.
Judges McGEE and STEPHENS concur.
Report per Rule 30(e).